IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED HERITAGE PROPERTY    )    Civil No. 07-460-JE
CASUALTY COMPANY,            )
                          )
           Plaintiff,    )    FINDINGS AND
                          )    RECOMMENDATION
         v.             )
                          )
JOSEPH R. PIETRI,          )
                          )
           Defendant.    )
_____)

     Ryan B. Peck
     Saetrum Law Offices
     P.O. Box 7425
     Boise, Idaho 83707-1425
         Attorney for Plaintiff

     Paul T. Loney
     3430 S.E. Belmont Street, #101
     Portland, OR 97214
         Attorney for Defendant

JELDERKS, Magistrate Judge:

     Plaintiff United Heritage Property & Casualty Company

(United) brings this action against Joseph Pietri, its

insured.  Defendant Pietri moves to dismiss pursuant to Fed.
R. Civ. P. 12(b)(2) for lack of subject matter jurisdiction.
The motion should be granted.

## BACKGROUND

The following allegations of plaintiff United's
complaint, which are accepted as true at this point in the
proceedings, are relevant to disposition of the pending motion
to dismiss.

Plaintiff United, an Idaho insurance company, sold a
homeowner's insurance policy to defendant Joseph Pietri, who
lives in Cloverdale, Oregon.  Defendant Pietri is "a licensed
participant in the Oregon Medical Marijuana Program."  He is
also licensed to grow medical marijuana for himself and three
other licensed participants in that program.

Acting in compliance with the Oregon Medical Marijuana
Program, defendant Pietri grew marijuana plants in his
greenhouse and other areas in his backyard.

On October 16, 2006, defendant discovered that 16
marijuana plants had been stolen from his property.  Defendant
reported the theft to plaintiff, and made a claim for payment
for the stolen plants under the insurance policy.

Plaintiff United assigned a claim representative to
investigate defendant's claim, and assigned legal counsel to
investigate coverage issues.  Plaintiff ultimately concluded

that its insurance policy did not cover defendant's loss "due to the federal laws and the rules of the Oregon Medical Marijuana Program."

Plaintiff alleges that this court has federal question jurisdiction under 28 U.S.C. § 1331, and alleges that this action "arises under federal law 21 U.S.C. § 811 and 812(c)10 and the effects thereof." It seeks a declaration that the insurance policy it issued does not cover the loss of defendant's marijuana plants, and an order restraining defendant from instituting any action against it to recover for the loss of his plants.

### DISCUSSION

Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant correctly notes that this section allows federal district courts to assert jurisdiction over only those actions "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Defendant also correctly notes that neither of the federal statutes under which plaintiff alleges this action arises creates a private right of action, provides a private party a federal remedy, or applies to a contract between private parties such as the homeowner's insurance policy at issue here.  Section 811 of Title 21 simply authorizes the United States Attorney General to classify controlled substances and sets out the criteria for classifying such substances.  The list of substances that are classified as "controlled" is set out in 21 U.S.C. § 812.  Neither of these sections states, implies, or suggests that the classification of any particular substance provides a basis for a private right of action that involves a "federal question" that vests jurisdiction in a federal court.

Plaintiff contends that federal law creates its cause of action here because the insurance policy it issued contains a provision excluding coverage of any "loss" that is caused by "enforcement of any ordinance or law . . . [t]he requirements of which results in a 'loss' to property . . . ."  Plaintiff asserts that, because marijuana is listed as a Schedule 1 controlled substance that, under federal law, cannot be lawfully possessed or distributed, "marijuana has no legal value."  Plaintiff contends that, because federal law renders defendant's marijuana valueless, this loss of value results from federal law, and is excluded from coverage under its

policy.  Plaintiff argues that this court has federal question jurisdiction because "federal law creates Plaintiff's cause of action."  It adds that, because "[d]efendant's actions were only unlawful pursuant to federal laws regarding marijuana," it "can only gain relief by an appeal to federal law."

This convoluted argument fails.  A fair reading of the factual allegations of plaintiff's complaint supports only the conclusion that the loss suffered by defendant, plaintiff's insured, occurred not because marijuana is listed as a controlled substance pursuant to the federal statutes cited, but because someone stole defendant's marijuana plants, and because plaintiff has decided not to compensate defendant for the loss under the homeowner's insurance policy.

However, in resolving the pending motion to dismiss for lack of jurisdiction, it is not necessary to refer to the provisions of the insurance policy upon which plaintiff's "federal question" argument relies.  As noted above, federal question jurisdiction exists only if federal law creates a cause of action in the plaintiff's well-pleaded complaint, or if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  The federal statutes that plaintiff cites do not provide for a private right of action, much less provide for relief to insurers whose policies are interpreted pursuant to state laws.  Instead, the parties' rights and obligations arising

under the insurance policy at issue here are matters of state contract law.

Plaintiff has not explicitly identified this as an action for declaratory relief brought pursuant to 28 U.S.C. § 2201. However, in seeking a declaration that its insurance policy "does not cover the damages resulting from the theft of the Defendant's marijuana plants," plaintiff is seeking the kind of declaration of "rights and other legal relations" specifically provided for under that statute.  Nor does plaintiff's request for further injunctive relief barring defendant from instituting any action to recover under the policy alter the conclusion that this is an action for a declaratory judgment brought pursuant to § 2201: this section specifically provides for a declaration of such rights "whether or not further relief is or could be sought."

Defendant's assertion of a claim subject to § 2201 is significant, because this statute does not confer federal jurisdiction if such jurisdiction "would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201." Janakes v. United States Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985) (citing Franchise Tax Board, 463 U.S. at 15-16).  A plaintiff bringing an action for declaratory judgment in federal court "may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a

federal defense to a state law claim brought by the declaratory judgment defendant in state court."  Id. (citing Franchise Tax Board, 463 U.S. at 16-19).

This is precisely what plaintiff is attempting to do here.  Plaintiff is attempting to assert a federal question-- the effect of federal laws identifying marijuana as a controlled substance on an insurer's potential liability for the loss of marijuana--as a federal defense to any state law breach of contract claim that defendant, its insured, might bring against it in state court.  Plaintiff's claim will not support this court's "federal question" jurisdiction.

**CONCLUSION**

Defendant Pietri's motion to dismiss for lack of jurisdiction (#4) should be GRANTED, and a judgment should be entered dismissing this action with prejudice.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due October 2, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection.

If objections are filed, review of the Findings and

Recommendation will go under advisement upon receipt of

the response, or the latest date for filing a response.

DATED this 17th day of September, 2007.


/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 8